IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CLINTON STRANGE**                                                   **PLAINTIFF**

**v.**                             **CIVIL ACTION NO. 1:19-CV-288-HSO-JCG**

**CAESARS ENTERTAINMENT**
**CORPORATION et al.**                                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is *pro se* Plaintiff Clinton Strange's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2). Having considered the application and the relevant legal authority, the undersigned recommends that the application be denied and that Plaintiff be directed to pay the $400.00 civil filing fee ($350.00 + $50.00 administrative fee).

## BACKGROUND

Plaintiff is forty-five years old with no dependents. He receives $1,740.26 in VA disability benefits per month. Although he does not list any employment income, his application indicates that he is self-employed. Based solely on his disability benefits, his annual income is $20,883.12. He also indicates that he has $842.00 in cash. He maintains that his monthly expenditures total $1,498.41, broken down into the following categories: $576.63 in mortgage payments, including real estate taxes and property insurance; $320.00 in utilities; $40.00 in home maintenance; $380.00 in food; $25.00 in clothing; and $156.78 in insurance payments. Although Plaintiff appears to indicate that he has credit card debt, he indicates that he makes no monthly installment payments. Under his assets, Plaintiff lists a home with a

value of $90,000.00 and a 2017 van with a value of $21,000.00.

## DISCUSSION

The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor . . . ." 28 U.S.C. § 1915(a)(1). "Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay *any* part of the statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (emphasis added). There is no absolute right to proceed IFP, and the Court has broad discretion to deny an IFP application. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975) (superseded by statute on other grounds).

In order to grant an IFP application, the Court must examine the financial condition of the applicant in order to determine whether Plaintiff "can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't Criminal Justice*, No. 95-10615, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Prows*, 842 F.2d at 140.

This Court as well as others have utilized the U.S. Federal Poverty Guidelines to assess an applicant's financial condition. *Young v. Citi Mortg., Inc.*, Civil Action No. 3:13-cv-836-DCB-MTP, 2014 WL 1883675, at *2, n.1 (S.D. Miss. May 12, 2014) (collecting cases). The federal poverty guideline for a family of one is

$12,490.00 annually. *See* Annual Update of the HHS Poverty Guidelines, 84 Fed. Reg. 1168 (Feb. 1, 2019). Plaintiff's income exceeds the poverty guideline for a one-person household by $8,393.12. Based upon the applicable poverty guideline and the financial information provided by the Plaintiff, the undersigned concludes that Plaintiff has the financial resources to pay the $400.00 civil filing fee without undue hardship or deprivation of the necessities of life if given a reasonable amount of time to tender the requisite amount.[1] Plaintiff should not be permitted to file this case at taxpayer expense.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) be denied and that Plaintiff be required to pay the $400.00 civil filing fee ($350.00 + $50.00 administrative fee) within ninety days. Should Plaintiff fail to timely pay the civil filing fee, the undersigned recommends that this matter be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the

---

[1] Plaintiff asks that he be given ninety days to pay the filing fee if his application is denied.

> district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 17th day of May, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE